UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

JON WENC,
        Plaintiff,

     v.                                              CASE NO. 3:14-cv-840 (VAB)

NEW LONDON BOARD OF
EDUCATION,
        Defendant.

**RULING ON PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**

Plaintiff, Jon Wenc, has filed a Complaint against his current employer, the New London Board of Education (the "Board"), claiming that the Board discriminated against him because of his disability, failed to reasonably accommodate his disability, and retaliated against him for seeking accommodation for his disability, all in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq.*, and the Connecticut Fair Employment Practices Act ("CFEPA"), Conn. Gen. Stat. §46a-60 *et seq.*.  Am. Compl. at Counts One - Four, ECF No. 19.  Mr. Wenc alleges that he is disabled because he is an amputee and because he suffers from Femoral-Patella Syndrome in his right leg and a recurring skin lesion on his left leg.  *Id.* ¶¶10-11.  In this lawsuit, he seeks compensatory and punitive damages, reinstatement or front pay, and attorney's fees from the Board.  *Id.* at Demand for Relief.

Before this Court is Mr. Wenc's Motion for a Protective Order, ECF No. 59, seeking an Order under Federal Rule of Civil Procedure 26(c) that would prevent him from being required to appear at a fitness for duty examination sought by the Board, or in the alternative, that would restrict the nature of the examination.  Pl.'s Br. 1, ECF No. 60.

1

For the following reasons, the motion is **DENIED**.

## I.  FACTUAL BACKGROUND

The legal claims Mr. Wenc makes in his Complaint arise out of his treatment by the Defendant from 2008 to 2013, when he was assigned to teach first grade, after teaching sixth grade. Am. Compl. ¶8, ECF No. 19. He claims that the Board's decision to have him teach first grade failed to reasonably accommodate his disability, given the increased physical demands of teaching younger children. *Id.* ¶¶8, 15-17. He sought, as an accommodation, a transfer back to teaching sixth grade, which he claims the Board denied until the 2013-2014 school year, when he began teaching fifth grade. *Id.* ¶¶18-57, at Counts One and Three. He also claims that the Board retaliated against him for complaining about his first grade teaching assignment and seeking an accommodation for his disability. *Id.* at Counts Two and Four.

Mr. Wenc's Motion for a Protective Order arises out of the Board's decision to require Mr. Wenc to submit to a mental fitness for duty evaluation before returning to work for the 2015-2016 school year. Pl.'s Br. 3-4, ECF No. 60. The Board claims that its examination is justified because of a number of incidents in the Spring of 2015 that raised concerns about Mr. Wenc's mental state. The Board claims that he left school without making sufficient arrangements for the students he was supervising and that he made negative comments about the school. Opp. Br. 3-4; Pl.'s Br. 15, ECF No. 60. In a June 9, 2015 meeting, the Board also contends that Mr. Wenc indicated that he could not guarantee that he would not have similar emotional outbursts in the future. Opp. Br. 6. The Board also admits that it relied on some information obtained through discovery in this lawsuit in deciding to require the fitness examination. *Id.* at 12. However, it argues

that its reliance on these materials does not violate the Standing Protective Order, ECF No. 5, issued in this case, because they were not marked confidential. *Id.* at 22-25.

The Board issued notice to Mr. Wenc of the examination requirement on September 1, 2015, the day after settlement negotiations for this lawsuit, which took place over the Summer of 2015, broke down. Opp. Br. 7-8.

## II. DISCUSSION

Under Federal Rule of Civil Procedure 26(c)(1), "[a] person from whom discovery is sought may move for a protective order in the court where the action is pending…The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Where the discovery sought is relevant, the party seeking protection bears the burden of showing that good cause exists to grant the motion. *See Penthouse Int'l, Ltd. v. Playboy Enters., Inc.*, 663 F.2d 371, 391 (2d Cir. 1981) (citations omitted); *see also Gambale v. Deutsche Bank AG,* 377 F.3d 133, 142 (2d Cir. 2004) (citation omitted).

Mr. Wenc contends that his motion should be granted because in making the request for the examination, the Board violated the Standing Protective Order in this case as well as several provisions of law, including the ADA and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §2601 *et seq.*. Pl.'s Br. 6-25, ECF No. 60. He also argues that the request fails to comply with Federal Rule of Civil Procedure 35, which authorizes psychical or mental examinations of parties to a lawsuit in certain circumstances. *Id.* at 25-31. Mr. Wenc also contends that the Board has taken these actions against him to retaliate against him for failing to settle the case this past summer. *Id.* at 7.

3

None of Mr. Wenc's arguments are availing. The Board is not conducting the mental fitness examination as part of its discovery in this lawsuit; instead, it is doing so in its capacity as Mr. Wenc's current employer. This lawsuit is based on the Board's conduct relating to Mr. Wenc's physical disability from 2008 to 2013, when he was teaching first grade. He has made no allegations about the Board's conduct after that time period or about its treatment of him in light of any mental health conditions he may have. Rule 26(c) authorizes "[a] party [ ] from whom discovery is sought" to move for a protective order. Fed. R. Civ. P. 26(c)(1). Because there is no evidence that the Board is conducting the fitness for duty evaluation as part of discovery, the Court has no basis to grant the relief Mr. Wenc seeks. *See Bridge C.A.T. Scan Assocs. v. Technicare Corp.,* 710 F.2d 940, 944-45 (2d Cir. 1983) (noting that "Rule 26 [ ], which is entitled 'General Provisions Governing Discovery,' is not a blanket authorization for the court to prohibit disclosure of information whenever it deems it advisable to do so, but is rather a grant of power to impose conditions on *discovery* in order to prevent injury, harassment, or abuse of the court's processes" and finding that Rule 26 did not authorize a court to prohibit disclosure of information obtained outside of discovery) (citations omitted) (emphasis in original); *see also e.g., Cecil v. Beard,* No. 2:13-cv-1923 TLN KJN P, 2014 U.S. Dist. LEXIS 132113, at *1-3, 13 (E.D. Cal. Sept. 19, 2014) (denying a request made under Rule 35 for a physical examination of the plaintiff, because it was not a request for discovery but rather for medical care).

None of the cases Mr. Wenc cites in support of his motion require a different result. The fact that there is pending litigation between Mr. Wenc and the Board does not give this Court authority over their relationship outside of the scope of the litigation.

4

Whether the Board's intended actions violate various provisions of law, including the ADA and FMLA, is not a matter for this litigation, as presented, and cannot justify the granting of a protective order in this case. To the extent Mr. Wenc argues that the Board violated this Court's Standing Protective Order, ECF No. 5, which is relevant to this lawsuit, he fails to show how the relief he requests, preventing the fitness examination, is an appropriate remedy for that harm.

### III.     CONCLUSION

For all of the foregoing reasons, Mr. Wenc's Motion for a Protective Order, ECF No. 59, is **DENIED**.

**SO ORDERED** this 13th day of October 2015 at Bridgeport, Connecticut.

/s/ Victor A. Bolden
Victor A. Bolden
United States District Judge