UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

JON WENC,
        Plaintiff,

v.                                                  CASE NO. 3:14-cv-0840 (VAB)

NEW LONDON BOARD OF
EDUCATION,
        Defendant.

## RULING ON DEFENDANT'S MOTION FOR SANCTIONS

      Plaintiff, Jon Wenc, currently works as a teacher for the Defendant, New London Board of Education (the "Board"). In this lawsuit, Mr. Wenc contends that the Board discriminated against him on the basis of his disability by refusing to provide him with a reasonable accommodation in violation of the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.*, and the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. § 46a-60 *et seq.*. Am. Compl. at Counts One and Three, ECF No. 19. He also contends that the Board retaliated against him in violation of the same statutes. Am. Compl. at Counts Two and Four, ECF No. 19.

      During the course of this lawsuit, Mr. Wenc filed a motion for a protective order under Federal Rule of Civil Procedure 26(c), asking the Court to enjoin the Board from conducting a medical fitness for duty examination or, in the alternative, restricting the nature of the examination. Order on Mot. for Protective Order 1, ECF No. 64. The Court denied the motion, because it found that it lacked a sufficient relationship to this lawsuit. *Id.* at 4. It reasoned that it had no authority to dictate the terms of Mr. Wenc's employment relationship with the Board outside of the context of the conduct of this lawsuit. *Id.* at 4-5.

      The Board now asks this Court to impose sanctions on Mr. Wenc and/or his attorneys for filing this motion, arguing that the motion was baseless. Mot. for Sanctions, ECF No. 66. It

1

seeks attorney's fees in the amount of $11,917 and any other sanction the Court deems proper. *Id.* For the reasons that follow, the motion is **DENIED**.

## DISCUSSION

Federal Rule of Civil Procedure 37(a)(5) applies to the award of expenses for motions for protective orders made under Rule 26(c). Fed. R. Civ. P. 26(c)(3). Rule 37(a)(5)(B) provides that, if the motion is denied, the Court

> must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(A)(5)(B). District courts generally have "wide discretion to impose sanctions" under Rule 37. *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 294 (2d Cir. 2006). But the text of the rule indicates that the award of expenses is mandatory in this particular context unless one of the two exceptions listed in the rule applies. Fed. R. Civ. P. 37(A)(5)(B). Mr. Wenc bears the burden of showing that an exception applies. *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 298 F.R.D. 145, 148 (S.D.N.Y. 2014) ("Rule 37 places the burden of proof on the disobedient party to show 'that his failure is justified or that special circumstances make an award of expenses unjust.'") (citing *Novak v. Wolpoff & Abramson LLP*, 536 F.3d 175, 178 (2d Cir. 2008)).

A failed motion is "substantially justified" in this context if it "raised an issue about which reasonable people could genuinely differ on whether a party was bound to comply with a discovery rule." 8B Charles Alan Wright, *et al.*, *Federal Practice & Procedure* § 2288 (3d ed. 2016); *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). In this case, Mr. Wenc's motion was not entirely baseless and presented issues about which reasonable minds could differ. He argued

that the information which prompted the fitness for duty examination at issue came from this lawsuit and that the Board's use of that information violated this case's protective order, which prohibits the use of documents obtained in discovery for purposes other than defending and prosecuting this lawsuit.  Pl.'s Opp. Br. 8-9, 14, ECF No. 73.  While the Court ultimately did not find his arguments persuasive, it was not entirely implausible that his motion could have a valid basis.  Thus, Mr. Wenc has shown that his motion was "substantially justified," and the Court will not award attorneys' fees or impose any other sanction.

## CONCLUSION

For all of the foregoing reasons, the Board's Motion for Sanctions, ECF No. 66, is **DENIED**.

**SO ORDERED** this ninth day of August 2016 at Bridgeport, Connecticut.

    /s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE